UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

KATHY S. CYNOR,
            Appellant,

            v.

DEPARTMENT OF AGRICULTURE,
            Agency.

DOCKET NUMBER
CH-0752-20-0574-I-1

DATE: May 31, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Thomas J. Cynor</u>, Esquire, Woodstock, Illinois, for the appellant.

<u>Joshua N. Rose</u>, Washington, D.C., for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

**REMAND ORDER**

The agency has filed a petition for review and the appellant has filed a cross petition for review of the initial decision, which reversed the agency action finding that the agency violated the appellant's constitutional due process rights. For the reasons discussed below, we GRANT the petition for review, GRANT the cross petition for review, VACATE the initial decision, and REMAND the case to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the Central Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2       The appellant is employed as a GS-12 Supervisory Veterinary Medical Officer.  Initial Appeal File (IAF), Tab 4 at 17.  On May 12, 2020, the agency issued the appellant a notice of proposed removal, charging her with (1) failure to enforce safety and health regulations, and (2) neglect of duty. IAF, Tab 5 at 16-26.   The proposal notice included an explanation of the appellant's rights, including her right to respond either orally, in writing, or both, and explaining that she "may cite extenuating circumstances, make any other representations [she] consider[s] appropriate, and/or submit affidavits or other evidence" in support of her reply.  *Id.* at 24.  The notice directed the appellant to submit her written reply to a Human Resources (HR) Specialist, providing both a physical address at the agency's office in Minneapolis, and an email address. *Id.*

¶3       The appellant submitted a written response, consisting of 7 parts, 1 of which was a supplemental exhibit file, roughly 91 pages in length, containing exhibits supporting her claims and statements.  IAF, Tab 4 at 62-86, Tab 5 at 4-13.   She sent the documents to the agency via email, except for the supplemental exhibit file, which she sent via Federal Express to the Minneapolis office.  IAF, Tab 4 at 62-64.  The appellant also participated in an oral reply, during which the deciding official took detailed notes that were provided to the appellant, and to which she submitted corrections.   IAF, Tab 4 at 27-61. Regarding the exhibits sent to the agency's Minneapolis office, because of the COVID-19 pandemic, the agency had limited staffing in the office, and the HR specialist, who the supplemental exhibit file was sent to, was not physically present in the office and did not retrieve the supplemental exhibit file until October 2020, after the appellant had been removed.  IAF, Tab 18 at 8-9.

¶4 After reviewing the other 6 parts of the appellant's written reply, as well as the information provided during the oral reply, the deciding official issued a decision on August 13, 2020, mitigating the proposed removal to a 30-day suspension. *Id.* at 21-26. The appellant filed a timely Board appeal, and during a status conference, it came to light that the deciding official had not reviewed the appellant's supplemental exhibit file prior to issuing the agency decision. IAF, Tab 10. Because due process is a threshold issue, the administrative judge bifurcated the appeal to address the potential due process violation first, and the parties submitted briefing on that issue. IAF, Tabs 13-14, 16, 18, 21. After reviewing the parties' submissions, the administrative judge issued an initial decision reversing the agency action, finding that the deciding official's failure to consider the appellant's supplemental exhibit file deprived her of a meaningful opportunity to be heard and therefore constituted a due process violation. IAF, Tab 23, Initial Decision (ID) at 9-11.

¶5 The agency filed a petition for review, asserting that the administrative judge erred in finding a constitutional due process violation because: (1) he failed to apply the proper analysis which requires a balancing of the employee's interests, the government interests, and the actual procedural protections provided; (2) under that three-part balancing test, the agency provided the appellant with constitutional due process; and (3) the obligation to review the supplemental exhibit file is procedural and governed by the harmful error standard, which the appellant did not meet because she did not establish that reviewing the document would have changed the agency's decision. Petition for Review (PFR) File, Tab 1 at 7-16. The appellant responded, opposing the agency's petition for review, and filing a cross petition for review arguing that the appeal should be remanded because the administrative judge did not allow her

to pursue her affirmative defense of whistleblower retaliation.[2]  PFR File, Tab 11. The agency replied in opposition to the appellant's response and cross petition for review.  PFR File, Tab 13.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The agency did not violate the appellant's constitutional due process rights.</u>

¶6        In finding a constitutional due process violation, the administrative judge reasoned that the appellant did not receive a meaningful opportunity to respond because the deciding official failed to consider her supplemental exhibit file, which contained "highly relevant" documents "intended to bolster what would otherwise be naked allegations."  ID at 8-9.  He also explicitly rejected the agency's argument that it satisfied due process requirements because it considered all of her other submissions, both oral and written, noting that in the proposal notice the agency invited the appellant to present documentary evidence, and thus the appellant was "entitled to have that evidence considered and afforded the proper weight in the deciding official's deliberations before a decision is rendered."  ID at 10 (emphasis omitted).

¶7        The administrative judge's reasoning is flawed.  An agency's failure to provide a tenured public employee with an opportunity to present a response to an agency action that deprives her of a property right in employment constitutes an abridgement of her constitutional right to minimum due process of law, i.e., prior notice and an opportunity to respond.  *Cleveland Board of Education v. Loudermill*, [470 U.S. 532](#), 546 (1985).  However, constitutional due process, as articulated in *Loundermill*, does not require that an employee have an opportunity

---

[2] The appellant also requested that the Board strike the agency's petition for review, arguing that it was nonconforming with the Board's regulations because the agency submitted exhibits which address the merits of the charges in an attempt to establish that the appellant failed to show that any error was harmful.  PFR File, Tab 1 at 16, Tabs 2-9, Tab 11 at 6-9.  Because we are remanding this matter for further adjudication, the parties will have an opportunity to submit and respond to evidence regarding whether the appellant established harmful error.

to respond in writing *and* orally—it requires one or the other.  In other words, due process requires that an employee have "[t]he opportunity to present reasons, either in person *or* in writing, why proposed action, should not be taken is a fundamental due process requirement."  *Id.* (emphasis supplied).

¶8        The Board has interpreted minimum due process to require an opportunity to respond either orally or in writing.  For instance, in *Kinsey v. Department of the Navy*, [59 M.S.P.R. 226](#), 229 (1993), the appellant sent his written reply, which contained a request for an oral reply, before the expiration of the reply period, but it was received by the agency after the reply period had ended.  The deciding official considered the appellant's written reply, but did not afford him the opportunity to present an oral reply as he requested.  *Id.*  The Board determined that any error by the agency in failing to provide the appellant with an oral response was a procedural error, subject to the harmful error standard, and not an "error[] of a constitutional dimension warranting reversal of the action for failure to provide the appellant with minimum due process."  *Id.*  Thereafter, the Board has relied on *Kinsey* for the proposition that, when an agency has provided an employee with an opportunity to make a written reply to a notice of proposed adverse action, its failure to afford her with an opportunity to make an oral reply does not violate her right to minimum due process.  *Ronso v. Department of the Navy*, [122 M.S.P.R. 391](#), ¶ 13 (2015) (relying on *Kinsey* for the stated proposition); *Hamilton v. U.S. Postal Service*, [84 M.S.P.R. 635](#) ¶ 13 (1999) (same).

¶9        Thus, minimum due process is satisfied when an employee is afforded with an opportunity to present either a written response or an oral response—it does not require both.  Here, it is undisputed that the appellant presented an oral reply, which was considered by the deciding official.  IAF, Tab 4 at 27-61, Tab 18 at 8-9.  Therefore, regardless of any errors in the agency's consideration of her written reply, the agency met minimum due process requirements because it provided the appellant with an oral reply.  Accordingly, the administrative

judge erred in finding that the agency violated the appellant's due process rights. ID at 10.

**On remand, the administrative judge should consider whether the agency's failure to review the supplemental exhibit file constitutes harmful procedural error.**

¶10     While the deciding official's failure to review the supplemental exhibit file does not constitute a violation of due process, it may constitute harmful procedural error. *See Kinsey*, 59 M.S.P.R. 226, 229-30 (applying the harmful error standard when the agency denied the appellant an oral reply but offered him an opportunity to submit a written reply). Under 5 U.S.C. § 7701(c)(2)(A), the Board cannot sustain an agency's decision if the employee "shows harmful error in the application of the agency's procedures in arriving at such decision." *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681 (1991). Reversal of an action for harmful error is warranted where the procedural error, whether regulatory or statutory, likely had a harmful effect upon the outcome of the case before the agency. *Id.*

¶11     Because the record has not been fully developed on this issue, remand is required. On remand, the administrative judge should determine whether the deciding official's failure to consider the supplemental exhibit file constitutes harmful error. In order to prove harmful error under the statute and the Board's regulations, an appellant must "prove that any procedural errors substantially prejudiced [her] rights by possibly affecting the agency's decision." *Id.* (quoting *Cornelius v. Nutt*, 472 U.S. 648, 661 (1985)). Harmful error cannot be presumed and the appellant bears the burden of showing that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence of the error. *Mattison v. Department of Veterans Affairs*, 123 M.S.P.R. 492, ¶ 14 (2016).

### The administrative judge should have allowed the appellant to pursue her affirmative defense of whistleblower retaliation notwithstanding his finding of a due process violation.

¶12    The appellant argues in her cross petition for review that the administrative judge should have allowed her to pursue her affirmative defense of whistleblower retaliation even after reversing the agency action. PFR File, Tab 11 at 17-18. We agree.   Notwithstanding the administrative judge's reversal of the agency's action, the appellant could have been entitled to additional relief if she succeeded in proving her allegation that the agency's action constituted retaliation for whistleblowing. *Jenkins v. Environmental Protection Agency*, 118 M.S.P.R. 161, ¶ 13 (2012). If the appellant established her affirmative defense that the agency's action constituted a violation of her rights under 5 U.S.C. § 2302(b)(8), she could have been entitled to further corrective action, such as attorney fees and consequential damages. *Id.* Thus, the appellant's affirmative defense was not rendered moot by the administrative judge's determination that she was deprived of minimum due process, and the appellant should have been allowed to pursue the claim. *See id.*, ¶ 14; *see also Walton v. Department of Agriculture*, 78 M.S.P.R. 401, 403-04 (1998) (finding that an individual right of action appeal is not rendered moot when the agency completely rescinds the personnel action at issue if the appellant still has outstanding claims for consequential damages and corrective action).

¶13    Because we have reversed the administrative judge's finding of a violation of the appellant's constitutional due process rights, this matter is being remanded back to the regional office for further adjudication consistent with the decision. Regardless of whether the administrative judge determines that the agency committed harmful procedural error, he should allow the appellant to pursue her affirmative defense of whistleblower retaliation. Furthermore, he should issue an initial decision that identifies all material issues of fact and law, summarizes the evidence, resolves issues of credibility, and includes the administrative

judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests. *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

**ORDER**

¶14       For the reasons discussed above, we remand this case to the Central Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                              /s/ for

                                            Jennifer Everling
                                            Acting Clerk of the Board

Washington, D.C.